IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| Latasha Boyd, | ) | C/A No. 7:24-cv-03287-BHH-KFM |
| | ) | |
| Plaintiff, | ) | **REPORT OF MAGISTRATE JUDGE** |
| | ) | |
| vs. | ) | |
| | ) | |
| Department of Social Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is a civil action filed by a *pro se* non-prisoner plaintiff. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district court. For the reasons that follow, the undersigned recommends that this case be dismissed.

## LITIGATION & PROCEDURAL HISTORY

On May 29, 2024, in a prior case filed by the plaintiff, the Honorable Bruce Howe Hendricks, United States District Judge, issued an order sanctioning the plaintiff $405.00 based on her proclivity for filing duplicative and frivolous actions. *See Boyd v. City of Spartanburg, et al.*, C/A No. 7:24-cv-00711-BHH, 2024 WL 2763919 (D.S.C. May 29, 2024). Specifically, Judge Hendricks noted:

> if Plaintiff attempts to file another action in this Court before paying the filing fee and the sanction from this case, the Court hereby authorizes the Clerk of Court to assign a civil action number to such other action (for docket control purposes) so the Magistrate Judge may (1) instruct Plaintiff to pay the filing fee and sanction from this case (and dismiss the other action if Plaintiff fails to do so) or (2) certify that such other action is not frivolous.

*Id*. In the instant matter, the plaintiff's complaint was entered on the docket in May 2024 (doc. 1). By order dated June 24, 2024, the plaintiff was informed that in order for this case

to proceed she was required to pay the outstanding sanctions (or submit proof that the sanctions had been satisfied) (doc. 6 at 1–2). Specifically, the order noted that the allegations in the current action were of the same frivolous nature as the plaintiff's prior actions; thus, pursuant to Judge Hendricks' order, the case would be subject to dismissal unless the plaintiff paid the sanctions (*id*.). The order also instructed the plaintiff to provide other documents to bring her case into proper from and warned the plaintiff that if she failed to comply within the timetable set forth in the order, the case would be forwarded to the assigned United States District Judge with a recommendation that it be dismissed (*id*. at 2). The order also reminded the plaintiff to notify the clerk in writing of any change of address and warned that failure to keep her address updated with the court may lead to dismissal of the case (*id*. at 3). The plaintiff did not respond to the court's order, so on July 19, 2024, a second order was issued informing the plaintiff that her case was not in proper form (doc. 10). The plaintiff was instructed for a second time to submit certain documents to bring her case into proper form and reminded the plaintiff for a second time that if she failed to comply within the timetable set forth in the order, the case would be forwarded to the assigned United States District Judge with a recommendation that it be dismissed (*id*. at 1–2). The order also reminded the plaintiff to notify the clerk in writing of any change of address and warned that failure to keep her address updated with the court may lead to dismissal of the case (*id*. at 3). Despite the opportunities outlined above, the plaintiff has not brought her case into proper form for judicial screening.

## **ALLEGATIONS**

This is a civil action filed by the plaintiff, a non-prisoner proceeding *pro se* (doc. 1). The plaintiff's claims appear to involve her dissatisfaction with a pending charge in the Spartanburg County General Sessions Court for unlawfully placing at risk or abandoning a child. *See* Spartanburg County Public Index, https://publicindex.sccourts.org/

Spartanburg/PublicIndex/PISearch.aspx (enter the plaintiff's name and 2024A4220100012) (last visited August 5, 2024).

The plaintiff alleges removal jurisdiction based on diversity jurisdiction and federal question jurisdiction based on § 1983 and Title VI (doc. 1 at 1–2). The plaintiff alleges that her child's father has been allowed to manipulate one of her children so she would be arrested on false charges (*id*. at 2–3). The plaintiff was later arrested and her children were seized from her without due process (*id*. at 3). The plaintiff seeks removal of the state pending matters to this court because her rights are being violated in the state court proceedings (*id*.). The plaintiff also contends that hearings are being held in state court proceedings although she has not been notified (*id*. at 4).

The plaintiff asserts that removal of her pending criminal matters is appropriate under 28 U.S.C. §§ 1443, 1446 (*id*. at 4–7). The plaintiff also alleges removal of cross claims and counterclaims pursuant to the Tariff Act of 1930 and cites 42 U.S.C. § 3617 as supporting her claims as well (*id*. at 7). The plaintiff contends that the United States is a federal corporation – not a "government" – so it is a foreign corporation and public officials are thus foreign agents under 22 U.S.C. § 612 and asserts that a fictitious strawman name is being used to refer to her (*id*. at 7–8, 9). The plaintiff also alleges that her due process rights have been violated because she has not been served with process pursuant to the rules of civil procedure (*id*. at 8–9). The plaintiff also contends that the criminal and family court proceedings are based on hoaxes (*id*. at 9–10).

The plaintiff alleges claims under the South Carolina Tort Claims Act, the Eleventh Amendment, the Fourteenth Amendment, and based on the Citizenship Clause, a finding that African Americans were not citizens even if "free", and that native Americans and Chinese Americans were granted citizenship (*id*. at 10–12). The plaintiff then references various constitutional provisions and topics without any allegations, including state action, the privileges and immunities clause, the due process clause, economic rights,

3

privacy rights, equal protection, apportionment, disqualification for rebellion, debt, scope, and enforcement against private parties (*id*. at 12–16).

## APPLICABLE LAW & ANALYSIS

The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**Rule 41**

It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;

4

> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Here, the factors weigh in favor of dismissal. With respect to factors (1) and (3), as noted, despite two opportunities, the plaintiff has failed to bring her case into proper form or comply with Judge Hendricks' May 29, 2024, order. In doing so, the plaintiff has failed to comply with the court's orders in this case dated June 24, 2024, and July 19, 2024 (docs. 6; 10). Each order warned the plaintiff of the consequences of failing to comply with the orders' instructions, including the dismissal of the case pursuant to Fed. R. Civ. P. 41(b) (docs. 6 at 2; 10 at 1–2). Despite these warnings, the plaintiff has not complied with or responded to the court's orders. Accordingly, as the plaintiff has failed to comply with multiple court orders and has been previously warned that such failures could result in dismissal, the undersigned recommends that the instant action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to comply with orders of the court.

**Frivolousness**

The plaintiff's complaint is also subject to summary dismissal for frivolousness. It is well-settled that the court has the authority to dismiss claims that are obviously "fantastic" or "delusional." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994); *Raiford v. FBI*, C/A No. 1:10-cv-2751-MBS-JRM, 2010 WL 6737887, at *3 (D.S.C. Nov. 17, 2010), *Report and Recommendation adopted by* 2011 WL 2020729 (D.S.C. May 23, 2011) (explaining a finding of factual frivolousness is appropriate when "the facts alleged rise to the level of the irrational or the wholly incredible"). In reviewing a complaint for frivolousness or malice, the court looks to see whether the complaint raises an indisputably

5

meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Harley v. United States*, 349 F. Supp. 2d 980, 981 (M.D.N.C. 2004) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court must accept all well-pled allegations and review the Complaint in a light most favorable to plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

Here, even when reviewed in a light most favorable to the plaintiff, the complaint is comprised of factual allegations that are not credible, and which fail to state a claim for relief. *See Neal v. Duke Energy*, No. 6:11-cv-1420-HFF-KFM, 2011 WL 5083181, at *4 (D.S.C. June 30, 2011), *Report and Recommendation adopted by* 2011 WL 5082193 (D.S.C. Oct. 26, 2011) (dismissing action upon finding plaintiff's factual allegations were frivolous, fanciful, and delusional where plaintiff claimed defendants clandestinely placed a GPS device in her car while it was in the shop for repairs and that she was being stalked by the defendants, noting the allegations were "made without any viable factual supporting allegations and appears to be the product of paranoid fantasy"); *Feurtado v. McNair*, C/A No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. Jun. 15, 2006) (noting that frivolousness encompasses inarguable legal conclusions and fanciful factual allegations), *aff'd*, 227 F. App'x 303 (4th Cir. 2007), *petition for cert. dismissed*, 553 U.S. 1029 (2008). For example, the plaintiff's complaint is full of allegations that are frivolous and nonsensical in nature, including that: she is entitled to remove her pending criminal charges to this court because she is being discriminated against in the state court proceedings; the United States is a federal corporation – not a "government" – so it is a foreign corporation and public officials are thus foreign agents under 22 U.S.C. § 612 and are using a fictitious strawman name to refer to her; her child's father has manipulated one of her children to have her arrested; the criminal and family court proceedings in state court are based on "hoaxes"; and asserts that based on the Citizenship Clause, African Americans were not citizens even if "free", but native Americans and Chinese Americans

6

were granted citizenship (*see* doc. 1).  These allegations are clearly frivolous and lack a basis in the law.  As such, even if the plaintiff had paid the sanctions and brought her case into proper form, the plaintiff's complaint would also be subject to summary dismissal as frivolous.

**Prefiling Restrictions**

Federal courts may issue prefiling restrictions when vexatious conduct hinders the court from fulfilling its constitutional duty.  *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004) (published).  This "drastic remedy must be used sparingly" to ensure "constitutional guarantees of due process of law and access to the courts."  *Id*.  The factors for consideration in determining whether to enter a prefiling injunction include (1) the party's history of litigation, particularly whether she has filed vexatious, harassing or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.  *Id*. at 818 (internal citations omitted).  If a court finds a prefiling injunction is warranted based on the four *Cromer* factors, the injunction must be "narrowly tailored to fit the specific circumstances at issue."  *Id*.  Additionally, a litigant is entitled to notice and an opportunity to be heard prior to the imposition of a prefiling injunction.  *Id*. at 819–20.  As set forth in more detail in the report and recommendation filed in one of the plaintiff's other cases, the undersigned has recommended that prefiling restrictions be imposed against the plaintiff for her duplicative and frivolous filings (as outlined in Exhibit A).  *See* Exhibit A; *see also Boyd v. Cnty. of Spartanburg*, C/A No. 7:24-cv-03139-BHH, at doc. 14 (D.S.C. July 19, 2024).

**RECOMMENDATION**

In light of the plaintiff's failure to bring her case into proper form, including her failure to pay the sanctions ordered by Judge Hendricks on May 29, 2024, the undersigned

recommends the district judge dismiss this action without prejudice and without issuance and service of process pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable")

**The plaintiff's attention is directed to the important notice on the last page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald<br>United States Magistrate Judge

August 6, 2024
Greenville, South Carolina

**EXHIBIT A**

*Boyd v. State of S.C., et al.*, C/A No. 7:24-cv-03200-BHH-KFM (D.S.C.) (report and recommendation pending recommending summary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure)

*Boyd v. State of S.C., et al.*, C/A No. 7:24-cv-03139-BHH-KFM (D.S.C.) (report and recommendation pending recommending summary dismissal and imposition of prefiling restrictions against the plaintiff)

*Boyd v. Spartanburg Mun. Corp., et al.*, C/A No. 7:23-cv-05097-BHH, 2023 WL 7924725 (D.S.C. Nov. 15, 2023) (dismissing case as frivolous and duplicative of prior actions filed in this court)

*Boyd v. U.S. Corp., et al.*, C/A No. 7:23-cv-04236-BHH, 2023 WL 6161946 (D.S.C. Sept. 21, 2023) (dismissing case as frivolous)

*Boyd v. Spartanburg Cnty., et al.*, C/A No. 7:23-cv-02182-BHH, 2023 WL 4686460 (D.S.C. July 20, 2023) (dismissing case as frivolous, duplicative, and for failure to state a claim)

*Boyd v. Spartanburg Cnty., et al.*, C/A No. 7:23-cv-02478-BHH, 2023 WL 4601019 (D.S.C. July 18, 2023) (dismissing case as frivolous, duplicative, and for failure to state a claim)

*Boyd v. Wilkey, Sr.*, C/A No. 6:23-cv-01880-BHH, 2023 WL 3752291 (D.S.C. June 1, 2023) (dismissing case as frivolous and for failure to state a claim)

*Boyd v. U.S.A., et al.*, C/A No. 7:22-cv-01633-BHH, 2023 WL 1794569 (D.S.C. Feb. 6, 2023) (dismissing case as frivolous and for failure to state a claim and instructing that future actions not be accepted asserting the same allegations)

*Boyd v. U.S. Cent. Intell. Agency*, C/A No. 7:21-cv-01133-BHH, 2021 WL 2477170 (D.S.C. June 17, 2021) (dismissing case as frivolous and for failure to state a claim and warning regarding the entry of prefiling restrictions)

*Boyd v. S.C. Dep't of Soc. Servs.*, C/A No. 7:20-cv-00829-BHH, 2020 WL 1891913 (D.S.C. Apr. 16, 2020) (dismissing case for failure to state a claim)

*Boyd v. U.S.*, C/A No. 7:20-cv-00178-BHH, 2020 WL 816077 (D.S.C. Feb. 19, 2020) (dismissing case as frivolous and for failure to state a claim)

*Boyd v. Diangikes*, C/A No. 7:19-cv-01077-BHH, 2019 WL 2057911 (D.S.C. May 9, 2019) (dismissing case for lack of subject matter jurisdiction), *aff'd* 773 F. App'x 689 (4th Cir. 2019) (*mem.*)

*Boyd v. S.C., et al.*, C/A No. 7:19-cv-00867-BHH, 2019 WL 2057961 (D.S.C. May 9, 2019) (dismissing case as frivolous and for failure to state a claim), *aff'd* 773 F. App'x 678 (4th Cir. 2019) (*mem.*)

*Boyd v. United States*, C/A No. 7:19-cv-00376-BHH, 2019 WL 1875592 (D.S.C. Apr. 26, 2019) (dismissing case as frivolous and for failure to state a claim), *aff'd* 773 F. App'x 702 (4th Cir. 2019) (*mem.*)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).